PRICE FOOD COMPANY, Inc., Plaintiff-
Appellant,

v.

GOOD FOODS, INC., Defendant-
Appellee.

No. 18012.

United States Court of Appeals
Sixth Circuit.

Aug. 23, 1968.

W. J. Michael Cody, Memphis Tenn.,
for appellant, Lucius E. Burch, Jr.,
Burch, Porter & Johnson, Memphis,
Tenn., H. J. Loe, Fort Worth, Tex., on
brief.

Carl H. Langschmidt, Jr., Memphis,
Tenn., for appellee, Ralph E. Kelly,
Memphis, Tenn., on brief, Boone, Boone,
Langschmidt & Pemberton, Memphis,
Tenn., of counsel.

Before O'SULLIVAN, PHILLIPS, and
PECK, Circuit Judges.

O'SULLIVAN, Circuit Judge.

The lawsuit involved in this appeal
began when appellant, Price Food Com-

pany, Inc., filed a complaint for injunctive relief against appellee, Good Foods, Inc., seeking to enjoin the latter concern from marketing pimento cheese spread so packaged and labeled as to be nearly identical in appearance to that of Price Food, thereby causing confusion to consumer-purchasers and appropriating the good will surrounding the cheese spread marketed by Price Food. As summarized by appellant, the District Court made the following findings of fact:

"that the similarity of the trade dresses of the plaintiff and defendant were so close, in fact, that the defendant intended to imitate the plaintiff's trade dress; that the plaintiff was entitled to injunctive relief, and that plaintiff's trade dress used in marketing its pimento cheese spread, consisting of a translucent plastic container with a distinctive pressure sensitive label affixed to the top of the container, had acquired a secondary meaning at the time the defendant adopted its imitating trade dress for marketing the same product. Further the court found that the defendant's trade dress was likely to cause confusion on the part of a purchaser who makes a casual perusal of the products."

Defendant was enjoined in various specifics from using a label "that is not distinctly different from the label used by plaintiff," but was not prohibited from employing a container identical to that used by plaintiff-appellant. Thus the sole error assigned for review is the failure of the District Judge to grant such further relief. Appellant's Statement of Question Involved is as follows:

"Did the District Court err in holding that Good Foods, Inc., should not be enjoined from using translucent or transparent plastic containers unless they are imprinted on the side?"[1]

The District Judge considered that the functional nature of the plastic container, which was of standard and widespread manufacture and use in packaging techniques, made inappropriate a requirement that containers so used by defendant be imprinted on the side with defendant's name, as a condition to their use. Assuming that Section 741(b) (ii) of the Restatement of Torts (relied upon by appellant) is a correct statement of relevant law,[2] he expressed his own view that,

"we cannot agree that, unless and only unless defendant imprints on the side of his containers a legend indicating the source of the product it has not taken 'reasonable' steps, within the meaning of the Restatement, to inform prospective purchasers. We do not believe, by analogy, that milk sold in a plain bottle need be distinguished other than by the stopper even if such milk should be displayed at eye level, or that champagne sold in green bottles need have more than one label although this label may frequently be turned away from the customer. The first person to so use such bottles when they came on the general market could not have required these additional distinguishing marks."

1. It was contended that in modern merchandising establishments goods are displayed at eye level, and identification on the side of the container is essential to distinguishing defendant's packages of cheese spread from those of the plaintiff.

2. Section 741 reads, in part:
"One who markets goods, the physical appearance of which is a copy or imitation of the physical appearance of the goods of which another is the initial distributor, markets them with an un-

privileged imitation, under the rule stated in § 711, if
   *    *    *    *    *
(b) the copied or imitated feature has acquired generally in the market a special significance identifying the other's goods, and
   *    *    *    *    *
(ii) the copied or imitated feature is nonfunctional, or, if it is functional, he does not take reasonable steps to inform prospective purchasers that the goods which he markets are not those of the other."

These observations point out the unusual nature of this case. Here a standard mode of packaging—round, translucent, plastic containers—were employed to package and display appellant's cheese spread. The container was not distinctively shaped, nor were there imprinted on it any distinguishing marks other than a pressure sensitive label affixed to the top. And as to that feature, the decree below directs the defendant-appellee to use a label that is "distinctively different" from that of appellant. Thus this case is different from cases cited to us by appellant wherein decrees were affirmed or directed which prohibited defendants from using a particular form or shape of container, or which ordered a differentiation of markings used on such containers. In the former group of cases it is to be noted that in each, the container involved was either of a peculiar shape, or was rendered distinctive in its trade dress by elaborations of color, design and labeling. See H. E. Winterton Gum Co. v. Autosales Gum & C. Co., 211 F. 612 (6th Cir. 1914); Coca Cola Co. v. Gay-Ola Co., 200 F. 720 (6th Cir. 1912); Gulden v. Chance, 182 F. 303 (3rd Cir. 1910); A. Bauer & Co. v. LaSociete Anonyme de la Distillerie de la Liquer Benedictine, 120 F. 74 (7th Cir. 1903); Charles E. Hires Co. v. Consumers' Co., 100 F. 809 (7th Cir. 1900); Lucien Lelong, Inc. v. George W. Button Corp., 50 F.Supp. 708 (S.D.N.Y.1943). And in the latter group of cases the form or shape of the container was not in issue; rather, the defendants therein had copied the identifying markings or dress. See Chesebrough Mfg. Co. v. Old Gold Chem. Co., 70 F.2d 383 (6th Cir. 1934); Tas-T-Nut Co. v. Variety Nut & Date Co., 245 F.2d 3 (6th Cir. 1957). In *Tas-T-Nut*, Justice Stewart (then Judge Stewart of this Court) stated, at page 7:

"A case factually very close to the present one is Hi-Land Dairyman's Ass'n v. Cloverleaf Dairy, 1944, 107 Utah 68, 151 P.2d 710, where the court, in a thoroughly documented opinion, recognized a competitor's right to use a milk container identical in physical construction to the plaintiff's, but enjoined the use of deceptively similar ornamental design."

■ We consider the discussion in 87 C.J.S. Trade-Marks, Trade-Names, and Unfair Competition § 115, at 393–394, relevant to the question before us:

"Mere form of package standing alone could hardly ever constitute unfair competition. No merchant can acquire an exclusive right to display his merchandise in prewrapped packages; and a court should not vest the exclusive right to use a square or round form of box or a cylindrical form of container in any merchant. * * * The form of an article or package, like the color and other indicia, is, however, to some extent arbitrary, because the vendor might have adopted almost any form for the packing of his goods, and having adopted and adhered to one particular form until it has become well-known to the public, he will be protected in it as far as the court can go without creating unlawful monopolies or appropriating public property to private use without legal grant; and such form cannot be used by another for the purpose of carrying on unfair competition."

The rule limiting the court's power to enjoin the copying of the *form* of packaging is related to the general policy against enjoining the imitation of "functional" aspects of another's product or package. The rule is considered in an annotation appearing in 150 A.L.R. 1067 entitled "Doctrine of secondary meaning in the law of trademarks and of unfair competition." It is stated at 1112–13 that:

"Apart from a few expressions of doubt and obiter dicta, the courts have uniformly held it elementary that one is not unfairly competing when, and may not be enjoined from, copying a functional feature of an unpatented or uncopyrighted article. * * * If the plaintiff is affected, it is his mischance that his manufacture has not become

associated with some arbitrary and unessential feature.

"The reason behind this rule is that otherwise the right to copy an article not protected by patent or copyright would be made ineffective." Functional features are defined variously as those necessary to manufacture the product, those which "as a matter of convenience, the consumer has accepted and the buyer desires," and *inter alia,* those which are "utilitarian in every detail, and which do not contain any ornamental features * * *." 150 A.L.R., at 1113–15.

We think the plastic container here involved is clearly functional. Not only does it serve initially as a package for the cheese spread product, but it is reusable by the purchaser, which is apparently the principal reason for the use of a pressure sensitive label, rather than one imprinted on the plastic of the container top. We may take judicial notice that such reusable containers have obtained wide popularity with housewives, and that they are used in packaging numerous food products. Added to this is the fact that the particular cylindrical containers here involved are of standardized variety, and were not peculiar in size or in shape, or marked in any way except on the top. Under these circumstances it is apparent that no error of law was committed by the District Judge in not requiring imprinting by the defendant-appellee on the sides of its containers; nor was his finding "clearly erroneous" that, assuming the correctness of the law as enunciated in Section 741(b) (ii) of the Restatement of Torts, supra, the use by defendant-appellee of a "distinctively different" label on the tops of its containers would be a "reasonable [step] to inform prospective purchasers that the goods which he markets are not those of the other."

As was said by this Court in Rymer v. Anchor Stove & Range Co., 6 Cir., 70 F.2d 386, 389 (1934), "[t]he precise extent and kind of relief in cases such as this must, in the first instance, be a matter for the discretion of the District Court. Crescent Tool Company v. Kilborn & Bishop Co., 247 F. 299 (C.C.A. 2)." We find no abuse of discretion in the present case.

Judgment affirmed.