FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| INHALE, INC., a California Corporation,<br>　　　　　*Plaintiff-Appellant*,<br><br>v.<br><br>STARBUZZ TOBACCO, INC., a California Corporation; WAEL SALIM ELHALAWANI, an individual residing in California,<br>　　　　　*Defendants-Appellees.* | No. 12-56331<br><br>D.C. No.<br>2:11-cv-03838-ODW-FFM<br><br><br>ORDER AND AMENDED OPINION |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted
November 4, 2013—Pasadena, California

Filed January 9, 2014
Amended June 3, 2014

Before: Diarmuid F. O'Scannlain, Susan P. Graber,
and Carlos T. Bea, Circuit Judges.

Order;
Opinion by Judge O'Scannlain;
Concurrence by Judge Bea

# SUMMARY[*]

## Copyright

The panel filed (1) an order amending its opinion, denying petitions for rehearing and rehearing en banc, and granting a request for an award of attorneys' fees; and (2) an amended opinion affirming the district court's summary judgment and award of attorneys' fees in favor of the defendant in an action under the Copyright Act.

The panel held that the shape of a hookah water container was not entitled to copyright protection. The panel held that the container, a useful article, was not copyrightable because it did not incorporate sculptural features that could be identified separately from, and were capable of existing independently of, the container's utilitarian aspects. Adopting the reasoning of the Copyright Office, the panel held that whether an item's shape is distinctive does not affect conceptual separability. The panel also held that the district court did not abuse its discretion in awarding attorneys' fees to the defendant under 17 U.S.C. § 505. The panel awarded attorneys' fees for the appeal in an amount to be determined by the district court.

Concurring in part, Judge Bea wrote that he concurred with the majority's opinion, except for the part of Part II.C that discusses the level of deference owed to the Copyright Office's interpretations of the Copyright Office. Judge Bea wrote that because the statute was not ambiguous, it was

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

unnecessary to look to the Copyright Office for further guidance.

---

**COUNSEL**

Louis F. Teran, SLC Law Group, Pasadena, California, argued the cause and filed the briefs for Plaintiff-Appellant.

Natu J. Patel, The Patel Law Firm, P.C., Irvine, California, argued the cause and filed the brief for Defendants-Appellees.

---

**ORDER**

The opinion filed January 9, 2014, and published at 739 F.3d 446, is amended as follows:

On slip opinion page 8, after <is not copyrightable.[3]> and before the beginning of Part III, add the following as a new paragraph:

<In summary, we hold that any part of a container that merely accomplishes the containing is not copyrightable. We do not mean to suggest that, in some other case, no elements of a container "can be identified separately from, and are capable of existing independently of," the container. 17 U.S.C. § 101. Here, though, Inhale does not argue in its opening brief that the exterior shape of the drooping ring is conceptually separable because the interior shape of the hookah does not protrude into the ring. Instead, its theory is that the hookah's "outer skin," from top to bottom, can be peeled away and analyzed separately. Therefore, its argument in the petition for rehearing, that the exterior shape

of the drooping ring is uniquely separable, is waived. *See Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). In addition, we emphasize that Inhale does not argue that the imagery on the container is copyrightable. Our opinion should not be understood to affect the copyrightability of "[p]ictorial, graphic, and sculptural works," 17 U.S.C. § 101, that may be affixed to or made part of a container.>.

An amended opinion is filed concurrently with this order.

With this amendment, the panel has voted unanimously to deny the petition for rehearing and the petition for rehearing en banc. The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter. Fed. R. App. P. 35.

The petition for rehearing and the petition for rehearing en banc are **DENIED.** No further petitions for panel rehearing or for rehearing en banc will be entertained. Starbuzz's request for an award of attorneys' fees under 17 U.S.C. § 505 is **GRANTED.** We award attorneys' fees incurred in responding to the petition for rehearing and rehearing en banc to Starbuzz in an amount to be determined by the district court on remand.

**OPINION**

O'SCANNLAIN, Circuit Judge:

We must decide whether the shape of a hookah water container[1] is entitled to copyright protection.

I

Inhale, Inc. claims copyright protection in the shape of a hookah water container that it first published on August 29, 2008 and registered with the United States Copyright Office on April 21, 2011. At both the time of publication and the time of registration, the container included skull-and-crossbones images on the outside.

Less than a month after registration, Inhale sued Starbuzz Tobacco, Inc. and Wael Salim Elhalawani (collectively, "Starbuzz") for copyright infringement. Inhale claimed that Starbuzz sold hookah water containers that were identical in shape to Inhale's container. The allegedly infringing containers did not contain skull-and-crossbones images. After determining that the shape of the water container is not copyrightable, the district court granted summary judgment in favor of Starbuzz.

---

[1] A "hookah" is a device for smoking tobacco. It contains coals that cause the tobacco to smoke. A user's inhalation through a tube causes the smoke to travel through water, which cools and filters the smoke, before it reaches the user. The water is held in a container at the base of the hookah.

II

Because "ownership of a valid copyright" is an element of copyright infringement, *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991), summary judgment was appropriate if the shape of Inhale's hookah water container is not copyrightable.

A

The parties agree that Inhale's hookah water container is a "useful article." As "the design of a useful article," the shape of the container is copyrightable "only if, and only to the extent that, [it] incorporates . . . sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the" container. 17 U.S.C. § 101 (defining "[p]ictorial, graphic, and sculptural works"); *id.* § 102(a)(5) (granting copyright protection to "pictorial, graphic, and sculptural works").

This statutory standard is satisfied by either physical or conceptual separability. *See* 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 2.08[B][3], at 2-99–2-100 (2011). Inhale does not argue that the container's shape satisfies the requirements of physical separability. Thus, we consider only conceptual separability.

B

Relying on *Poe v. Missing Persons*, 745 F.2d 1238 (9th Cir. 1984), Inhale argues that conceptual separability is a question of fact. Inhale's reliance on *Poe* is misplaced. *Poe* decided that whether an item is a useful article is a factual

question.  *Id.* at 1241–42.  But usefulness is distinct from separability.

In *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068 (9th Cir. 2000), we ruled that the shape of a vodka bottle was not separable from its utilitarian features.  Rather than treat separability as a question for the jury, we conducted our own analysis.  *See id* at 1080. ("[T]he district court did not identify any artistic features of the bottle that are separable from its utilitarian ones.  We also find none.").  In *Fabrica Inc. v. El Dorado Corp.*, 697 F.2d 890 (9th Cir. 1983), we affirmed a district court's directed verdict in favor of a copyright defendant on the ground that the allegedly infringed work was not copyrightable.  We assessed separability ourselves. *See id.* at 893 ("There is no element of the folders that can be separated out and exist independently of their utilitarian aspects.").

Our precedent suggests that whether a useful article has conceptually separable features is a mixed question of law and fact.  *See Pullman-Standard v. Swint*, 456 U.S. 273, 289 n.19 (1982) (describing mixed questions of law and fact as those "in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard").  Because both parties agree that the hookah water container is a useful article that holds water within its shape, all that is left is the application of the legal standard to those facts.  Thus, whether the shape of the container is conceptually separable is a conclusion that we review de novo.  *See Mathews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004) ("Mixed questions of law and fact are reviewed de novo; however, the underlying factual findings are reviewed for clear error.").

C

Relying in part on *Ets-Hokin*, the district court ruled that the container's shape is not conceptually separable from its utilitarian features. In *Ets-Hokin*, we held that the shape of a vodka "bottle without a distinctive shape" was not conceptually separable. *See* 225 F.3d at 1080. Attempting to distinguish this case from our precedent, however, Inhale emphasizes the distinctive shape of its hookah water container. Therefore, we must determine whether distinctiveness of shape affects separability.

When interpreting the Copyright Act, we defer to the Copyright Office's interpretations in the appropriate circumstances.[2] *See Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 972–73 (9th Cir. 2008); *Batjac Prods. Inc. v. GoodTimes Home Video Corp.*, 160 F.3d 1223, 1230–31 (9th Cir. 1998) (deferring to the Register's interpretation in an internal manual, *Compendium of Copyright Office Practices*). Because *Chevron* deference does not apply to internal agency manuals or opinion letters, we defer to the Copyright Office's views expressed in such

---

[2] "Courts have twisted themselves into knots trying to create a test to effectively ascertain whether the artistic aspects of a useful article can be identified separately from and exist independently of the article's utilitarian function." *Masquerade Novelty, Inc. v. Unique Indus.*, 912 F.2d 663, 670 (3d Cir. 1990). Under some interpretations of 17 U.S.C. § 101, distinctiveness of shape would be relevant. *See, e.g.*, *Brandir Int'l, Inc. v. Cascade Pac. Lumber Co.*, 834 F.2d 1142, 1145 (2d Cir. 1987) (asking whether "design elements can be identified as reflecting the designer's artistic judgment exercised independently of functional influences"). We think § 101 is sufficiently ambiguous to justify deference to administrative interpretations. *See High Sierra Hikers Ass'n v. Blackwell*, 390 F.3d 630, 638–39 (9th Cir. 2004).

materials "only to the extent that those interpretations have the 'power to persuade.'" *See Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000).

In an opinion letter and an internal manual, the Copyright Office has determined that whether an item's shape is distinctive does not affect separability. *See* Letter from Nanette Petruzzelli, Assoc. Register, U.S. Copyright Office, to Jeffrey H. Brown, attorney for MSRF, Inc., *Re: Fanciful Ornamental Bottle Designs 1–9*, Control No. 61-309-9525(S), April 9, 2008. That determination was based on the principle that "analogizing the general shape of a useful article to works of modern sculpture" is insufficient for conceptual separability. *Compendium of Copyright Office Practices II (Compendium II)* § 505.03. Although Inhale's water container, like a piece of modern sculpture, has a distinctive shape, "[t]he shape of the alleged 'artistic features' and of the useful article are one and the same." *Id.*

Because the Copyright Office's reasoning is persuasive, we adopt it for this case. The shape of a container is not independent of the container's utilitarian function—to hold the contents within its shape—because the shape accomplishes the function. The district court correctly concluded that the shape of Inhale's hookah water container is not copyrightable.[3]

---

[3] That the Copyright Office issued a certificate of registration to Inhale does not contradict this conclusion. Because Inhale's application included skull-and-crossbones images on the container, the certificate of registration does not show that the Copyright Office considers the shape of the container copyrightable.

In summary, we hold that any part of a container that merely accomplishes the containing is not copyrightable. We do not mean to suggest that, in some other case, no elements of a container "can be identified separately from, and are capable of existing independently of," the container. 17 U.S.C. § 101. Here, though, Inhale does not argue in its opening brief that the exterior shape of the drooping ring is conceptually separable because the interior shape of the hookah does not protrude into the ring. Instead, its theory is that the hookah's "outer skin," from top to bottom, can be peeled away and analyzed separately.  Therefore, its argument in the petition for rehearing, that the exterior shape of the drooping ring is uniquely separable, is waived. *See Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). In addition, we emphasize that Inhale does not argue that the imagery on the container is copyrightable. Our opinion should not be understood to affect the copyrightability of "[p]ictorial, graphic, and sculptural works," 17 U.S.C. § 101, that may be affixed to or made part of a container.

III

A

Exercising its discretion under 17 U.S.C. § 505, the district court awarded $111,993 in attorneys' fees to Starbuzz. The district court considered the five, non-exclusive factors listed in *Jackson v. Axton*: "[1] the degree of success obtained; [2] frivolousness; [3] motivation; [4] objective unreasonableness (both in the factual and legal arguments in the case); and [5] the need in particular circumstances to advance considerations of compensation and deterrence." 25 F.3d 884, 890 (9th Cir. 1994) (citation omitted). In ruling

that the factors favored an award to Starbuzz, the district court relied on, among other things, Starbuzz's "total success on the merits" and the need for deterrence of "similarly frivolous claims against innocent Defendants."

The district court did not abuse its discretion because "the reasons given by the district court in this case are well-founded in the record and are in keeping with the purposes of the Copyright Act," *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996). A successful defense furthers the purposes of the Copyright Act just as much as a successful infringement suit does. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994) ("[D]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.").

## B

Starbuzz also requests attorneys' fees for this appeal under 17 U.S.C. § 505. Section 505 gives us the same discretion that it gave to the district court. *See Disenos Artisticos E Industriales, S.A. v. Costco Wholesale Corp.*, 97 F.3d 377, 382 (9th Cir. 1996). We award attorneys' fees incurred in the defense of this appeal to Starbuzz in an amount to be determined by the district court. *See Fantasy*, 94 F.3d at 561 ("[W]e conclude that fees are warranted under § 505 inasmuch as it served the purposes of the Copyright Act for Fogerty to defend an appeal so that the district court's fee award would not be taken away from him.").

IV

For the foregoing reasons, we affirm the district court's grant of summary judgment and award of attorneys' fees to Starbuzz.  We award attorneys' fees for this appeal in an amount to be determined by the district court.

**AFFIRMED AND REMANDED.**

BEA, Circuit Judge, concurring in part:

I concur with the majority's opinion, except for the part of Part II.C which discusses the level of deference owed to the Copyright Office's interpretations of the Copyright Act. The text of 17 U.S.C. § 101 does not suggest that "distinctiveness" is an element of separability.  Because the statute is not ambiguous in this respect, it is unnecessary to look to the Copyright Office for further guidance.

Once we start engrafting administrative interpretation to our opinions, there is a tendency to look elsewhere than the text of the enactments of Congress.  This misplaces the power of enactment of laws from the legislative to the administrative branch and is contrary to my concept of the separation of powers.