80 F.3d 377
 1995 Copr.L.Dec. P 27,516, 38 U.S.P.Q.2d 1381,
96 Cal. Daily Op. Serv. 2325,
96 Daily Journal D.A.R. 3919
 HISTORICAL RESEARCH, Plaintiff-Appellee,
v.
Peter William CABRAL, Defendant-Appellant,
v.
The RENAISSANCE PLACE, a California proprietorship, Defendant.
HISTORICAL RESEARCH, Plaintiff-Appellant,
v.
Peter William CABRAL, Defendant-Appellee,
v.
The RENAISSANCE PLACE, a California proprietorship, Defendant.
 Nos. 95-55419, 95-55480.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 5, 1996.*
Decided April 5, 1996.
 
 Francis A. Utecht, Fulwider, Patton, Lee & Utecht, Long Beach, California, for plaintiff-appellee-cross-appellant.
 Peter William Cabral, Pro per, Joshua Tree, California, for defendant-appellant-cross-appellee.
 Appeals from the United States District Court for the Central District of California, No. CV-93-01240-LHM; Linda H. McLaughlin, District Judge, Presiding.
 Before: BROWNING, WALLACE and FARRIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Historical Research Center, Inc. (HRC) appeals the denial of attorneys fees in its copyright infringement case against Peter Cabral. Cabral cross-appeals, arguing HRC's copyright is invalid.
 
 I.
 
 2
 HRC owns the copyright in the text of the "O'Corrain database," a database of surname histories. Each surname history consists of a few paragraphs explaining the origin, meaning and evolution of a name. Ms. O'Corrain, the original author, compiled the database from many sources, including reference dictionaries and other research materials. Approximately thirty to forty percent of the database's sentences are verbatim quotes from reference sources; the rest are original.
 
 
 3
 Cabral purchased a copy of the O'Corrain database from a third party, who told Cabral that he did not have the right to copy it. Nevertheless, Cabral incorporated the O'Corrain database verbatim into his own database, and sold at least two copies.
 
 
 4
 HRC sued for damages and an injunction. After a bench trial, the district court found Cabral willfully infringed the O'Corrain database. The district court awarded HRC $4,000 in statutory damages and costs, but denied HRC's request for attorneys fees under the Copyright Act. On motion for reconsideration, the district court remarked that attorneys fees were not appropriate because HRC had failed to demonstrate "exceptional circumstances." HRC appeals the district court's denial of attorney fees; Cabral cross-appeals the district court's judgment of infringement.
 
 II.
 
 5
 Under the Copyright Act, courts "may ... award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (1976). Section 505 did not "enact[ ] the British Rule for automatic recovery of attorney's fees by the prevailing party." Fogerty v. Fantasy, Inc., --- U.S. ----, ----, 114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994). However, "exceptional circumstances" are not a prerequisite to an award of attorneys fees; district courts may freely award fees, as long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives. See Id.; Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1556 (9th Cir.1989); McCulloch v. Albert E. Price, Inc., 823 F.2d 316, 323 (9th Cir.1987).
 
 
 6
 Here, the district court recognized that "[t]he award of attorney's fees is committed to the Court's 'equitable discretion'," and recited the appropriate factors,[1] but added that Fogerty prohibits an award of fees absent "exceptional circumstances." Because of the court's comment, we cannot be certain the court applied the correct standard in ruling on the motion for fees. We therefore remand for reconsideration.
 
 
 7
 We decline to direct the district court to award fees, however. Although willful infringement is an important factor favoring an award of fees, it does not, in itself, compel such an award. See Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 854 (11th Cir.1990).
 
 III.
 
 8
 Cabral's cross-appeal is untimely under Fed. R.App. P. 4.See Bird v. Reese, 875 F.2d 256, 257 (9th Cir.1989). HRC's post-judgment motion for attorneys fees did not extend the time for appeal; "a judgment on the merits is final and appealable even though a request for attorney's fees is unresolved." International Ass'n of Bridge, Structural, Ornamental, and Reinforcing Ironworkers' Local Union 75 v. Madison Indus., Inc., 733 F.2d 656, 659 (9th Cir.1984); see also Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202, 108 S.Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988). Cabral's Rule 59(e) motion was untimely and therefore did not extend the time for appeal. See Fed.R.Civ.P. 59(e) ("A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."); Fed. R.App. P. 4(a)(4) (timely Rule 59 motions extend the time for appeal).[2]
 
 
 9
 Each party shall pay its own costs on appeal.
 
 
 10
 AFFIRMED IN PART AND REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 [1]
 District courts should consider, among other things, "the degree of success obtained; frivolousness; motivation; objective unreasonableness (both in the factual and legal arguments in the case); and the need in particular circumstances to advance considerations of compensation and deterrence." Jackson v. Axton, 25 F.3d 884, 890 (9th Cir.1994) (citation omitted). See also Fogerty, --- U.S. at ---- n. 19, 114 S.Ct. at 1033 n. 19; McCulloch, 823 F.2d at 323
 
 
 [2]
 The district court treated Cabral's motion as a Fed.R.Civ.P. 60(b) motion for relief from judgment, which "does not toll the time for an appeal from, or affect the finality of, the original judgment." Browder v. Director, Illinois Dep't of Corrections, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978). Because the record contains absolutely no evidence of mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud, the district court did not abuse its discretion in denying the Rule 60(b) motion. See Export Group v. Reef Indus., Inc., 54 F.3d 1466, 1469 (9th Cir.1995)