**FANTASY, INC., Plaintiff–Appellant, Cross–Appellee,**

v.

**John C. FOGERTY, Defendant–Appellee, Cross–Appellant.**

**Nos. 95–16040, 95–16138.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 1996.

Decided Aug. 26, 1996.

and in particular, to decide whether a court must find some "culpability" on the part of the plaintiff in pursuing the suit before it can award a fee to a prevailing defendant whose victory on the merits furthers the purposes of the Copyright Act.

John Fogerty, former lead singer and songwriter for "Creedence Clearwater Revival," recognized as one of the greatest American rock and roll bands, successfully defended a copyright infringement action in which Fantasy, Inc., alleged that Fogerty had copied the music from one of his earlier songs which Fantasy now owned, changed the lyrics, and released it as a new song. After concluding that Fogerty's victory on the merits vindicated his right (and the right of others) to continue composing music in the distinctive "Swamp Rock" style and genre and therefore furthered the purposes of the Copyright Act, the district court awarded Fogerty $1,347,519.15 in attorney's fees. Fantasy appeals the award mainly on the ground that the court had no discretion to award Fogerty *any* attorney's fees inasmuch as its conduct in bringing and maintaining the lawsuit was "faultless."

Albert M. Bendich and Paul N. Halvonik, Berkeley, California, for plaintiff-appellant-cross-appellee.

Kenneth I. Sidle, Gipson, Hoffman & Pancione, Los Angeles, California, for defendant-appellee-cross-appellant.

■ We hold that, after *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994), an award of attorney's fees to a prevailing defendant that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of the district courts, and that such discretion is not cabined by a requirement of culpability on the part of the losing party. As we agree with the district court that Fogerty's victory on the merits furthered the purposes of the Copyright Act, and as we cannot say that the district court abused its discretion by awarding fees under the circumstances of this case, we affirm the award. We also uphold the district court's exercise of discretion not to award interest on Fogerty's fee award.

Before: WOOD, Jr.,* CANBY, and RYMER, Circuit Judges.

RYMER, Circuit Judge:

This appeal requires us to consider the scope of a district court's discretion to award a reasonable attorney's fee to a prevailing defendant in a copyright infringement action,

I

This action began July 26, 1985, when Fantasy sued Fogerty for copyright infringe-

---

* Hon. Harlington Wood, Jr., Senior Circuit Judge for the Seventh Circuit Court of Appeals, sitting

by designation.

ment, alleging that Fogerty's song "The Old Man Down the Road" infringed the copyright on another of his songs, "Run Through the Jungle," which Fantasy owned. About three years later, on November 7, 1988, the jury disagreed, returning a verdict in favor of Fogerty.

Fogerty moved for a reasonable attorney's fee pursuant to 17 U.S.C. § 505.[1] The district court denied the request on the ground that Fantasy's lawsuit was neither frivolous nor prosecuted in bad faith and our then-existing precedent precluded an award of fees in the absence of one or the other. *See Cooling Systems & Flexibles, Inc. v. Stuart Radiator, Inc.*, 777 F.2d 485, 493 (9th Cir. 1985). We affirmed for the same reason, *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1533 (9th Cir.1993) [*Fogerty I* ], but the Supreme Court reversed and remanded in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) [*Fogerty II* ]. We then remanded to the district court for further proceedings consistent with *Fogerty II*. *Fantasy, Inc. v. Fogerty*, 21 F.3d 354 (9th Cir.1994) [*Fogerty III* ].

On remand, the district court granted Fogerty's motion and, after reviewing extensive billing records, awarded $1,347,519.15. Its decision was based on several factors. First, Fogerty's vindication of his copyright in "The Old Man Down the Road" secured the public's access to an original work of authorship and paved the way for future original compositions—by Fogerty and others—in the same distinctive "Swamp Rock" style and genre. Thus, the district court reasoned, Fogerty's defense was the type of defense that furthers the purposes underlying the Copyright Act and therefore should be encouraged through a fee award. Further, the district court found that a fee award was appropriate to help restore to Fogerty some of the lost value of the copyright he was forced to defend. In addition, Fogerty was a defendant author and prevailed on the merits rather than on a technical defense, such as the statute of limitations, laches, or the copyright

registration requirements. Finally, the benefit conferred by Fogerty's successful defense was not slight or insubstantial relative to the costs of litigation, nor would the fee award have too great a chilling effect or impose an inequitable burden on Fantasy, which was not an impecunious plaintiff.

Fogerty also sought interest to account for the lost use of the money paid to his lawyers over the years. While the district court awarded Fogerty almost all of what he asked for in fees, it declined to award interest. Fantasy timely appeals the fee award; Fogerty timely cross-appeals the refusal to award interest.

## II

We review the district court's decision to award attorney's fees under the Copyright Act for an abuse of discretion, *Maljack Productions v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir.1996), but "any elements of legal analysis and statutory interpretation which figure in the district court's decision are reviewable *de novo*," *Hall v. Bolger*, 768 F.2d 1148, 1150 (9th Cir.1985). "A district court's fee award does not constitute an abuse of discretion unless it is based on an inaccurate view of the law or a clearly erroneous finding of fact." *Schwarz v. Secretary of Health & Human Serv.*, 73 F.3d 895, 900 (9th Cir.1995) (internal quotations and citation omitted).

## III

Fantasy contends that the district court had no discretion to award fees to Fogerty because Fantasy conducted a "good faith" and "faultless" lawsuit upon reasonable factual and legal grounds, or to put it somewhat differently, because Fantasy was "blameless." According to Fantasy, once the district court could find no fault in the way Fantasy conducted this case, that should have been the end of the matter. To award fees nevertheless, Fantasy contends, is incompatible with *Fogerty II* 's rule of even-

---

1. Section 505 provides in full:
   In any civil action under [the Copyright Act], the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

handedness, as evenhandedness cannot be achieved by rewarding each side for qualities that adhere only to that side. To do so, as Fantasy contends the district court did here, is tantamount to the British Rule's automatic fee award to the victor—which *Fogerty II* rejected. Rather, it submits, the court's discretion may only be informed by factors having to do with culpability that are capable of being applied equally to prevailing plaintiffs and prevailing defendants.

Fogerty, on the other hand, contends that *Fogerty II* focuses a district court's discretion on whether the prevailing party has furthered the purposes of the Copyright Act in litigating the action to a successful conclusion; under that standard, the district court was well within its discretion in finding that his successful defense of this action served important copyright policies. He also argues that the evenhanded approach does not mean that only "neutral" factors may be considered in the exercise of the court's discretion since, contrary to Fantasy's view, the Court itself recognized that somewhat different policies of the Copyright Act may be furthered when either plaintiffs or defendants prevail. Fogerty points out that the Court specifically observed that his successful defense of this action "increased public exposure to a musical work that could, as a result, lead to further creative pieces," *Fogerty II*, 510 U.S. at 527, 114 S.Ct. at 1030, and maintains that the fact that this factor happened to tip in Fogerty's favor as a prevailing defendant in this case should not prevent it from being considered at all.

## A

In *Fogerty II*, the Supreme Court granted certiorari to resolve a conflict among the circuits concerning "what standards should inform a court's decision to award attorney's fees to a prevailing defendant in a copyright infringement action...." *Id.* at 519, 114 S.Ct. at 1026. The Court rejected both the "dual" standard that we had followed and applied in *Fogerty I*—whereby prevailing plaintiffs generally were awarded attorney's fees as a matter of course, while prevailing defendants had to show that the original lawsuit was frivolous or brought in bad faith—and the "British Rule" for which Fogerty argued—whereby the prevailing party (whether plaintiff or defendant) automatically receives fees. The Court instead adopted the "evenhanded" approach exemplified by the Third Circuit's opinion in *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151 (3d Cir. 1986).[2] The Court held that

> Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. "There is no precise rule or formula for making these determinations," but instead equitable discretion should be exercised "in light of the considerations we have identified."

*Fogerty II*, 510 U.S. at 534, 114 S.Ct. at 1033 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436–437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). Considerations discussed by the Court include the Copyright Act's primary objective, "to encourage the production of original literary, artistic, and musical expression for the good of the public," *id.* at 524, 114 S.Ct. at 1028; the fact that defendants as well as plaintiffs may hold copyrights, *id.* at 525–527, 114 S.Ct. at 1029, and "run the gamut from corporate behemoths to starving artists," *id.* at 524, 114 S.Ct. at 1028 (internal quotations and citation omitted); the need to encourage "defendants who seek to advance a variety of meritorious copyright defenses ... to litigate them to the same extent that

---

**2.** In *Lieb*, the defendant won on summary judgment and requested attorney's fees, contending that the copyright infringement claim was filed in bad faith, was frivolous, and should not have been brought after reasonable investigation. The district court denied the request without discussion. The Third Circuit remanded for a statement of reasons, but in doing so explained that "we do not require bad faith, nor do we mandate an allowance of fees as a concomitant of prevailing in every case, but we do favor an evenhanded approach." *Id.* at 156. The court went on to identify a number of factors which should play a part in the district courts' discretion, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence," but expressly declined to limit the factors to those mentioned. *Id.*

plaintiffs are encouraged to litigate meritorious claims of infringement," *id.* at 527, 114 S.Ct. at 1030; and the fact that "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright," *id.*

The district court's decision was informed by these considerations, but Fantasy argues that it failed to appreciate the culpability underpinnings of the evenhanded rule and to apply the *Lieb* factors, which Fantasy contends are fault-based and were embraced by the Supreme Court in *Fogerty II.* However, neither *Lieb* nor the Court's discussion of the evenhanded rule and the *Lieb* factors in *Fogerty II* suggests that discretion to award fees to prevailing defendants is constrained by the plaintiff's culpability, or is limited to the specific factors identified in *Lieb.* As the Court's discussion in footnote 19 indicates, courts following the evenhanded standard have suggested several "nonexclusive factors to guide courts' discretion." *Id.* at 534 n. 19, 114 S.Ct. at 1033 n. 19. By way of example, footnote 19 refers to the factors listed by the Third Circuit in *Lieb* (frivolousness, motivation, objective unreasonableness, and considerations of compensation and deterrence),[3] and says of them: "We agree that such factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Id.* Thus, while courts may take the *Lieb* factors into account, they are "nonexclusive." Even so, courts may not rely on the *Lieb* factors if they are not "faithful to the purposes of the Copyright Act." *Id.* Faithfulness to the purposes of the Copyright Act is, therefore, the pivotal criterion.

■ By the same token, a court's discretion may be influenced by the plaintiff's culpability in bringing or pursuing the action, but blameworthiness is not a prerequisite to awarding fees to a prevailing defendant. Fantasy made a similar argument in the Supreme Court, asserting that Congress must have intended attorney's fees for prevailing defendants only when the plaintiff's claim was frivolous or brought with a vexatious purpose because that was the clearly established law when § 505 was enacted. *Id.* at 527–529, 114 S.Ct. at 1030. The Court disagreed. In doing so, it singled out the statement in *Breffort v. I Had a Ball Co.*, 271 F.Supp. 623 (S.D.N.Y.1967), that "if an award is to be made at all [to a prevailing defendant], it represents a penalty imposed upon the plaintiff for institution of a baseless, frivolous, or unreasonable suit, or one instituted in bad faith," *id.* at 627, as "too narrow a view of the purposes of the Copyright Act because it fails to adequately consider the important role played by copyright defendants," *Fogerty II,* 510 U.S. at 532–533 n. 18, 114 S.Ct. at 1032 n. 18. In the face of this declaration, we cannot fault the district court for awarding fees to Fogerty as a prevailing defendant without first finding that Fantasy as the plaintiff was blameworthy.

Although we have not squarely addressed this question before, our post-*Fogerty II* opinions have recognized that a plaintiff's culpability is no longer required, that the *Lieb* factors may be considered but are not exclusive and need not all be met, and that attorney's fee awards to prevailing defendants are within the district court's discretion if they further the purposes of the Copyright Act and are evenhandedly applied. In *Apple Computer, Inc. v. Microsoft Corp.,* 35 F.3d 1435 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1176, 130 L.Ed.2d 1129 (1995), for instance, we affirmed summary judgment for the defendants but remanded for the district court to reconsider its refusal to award attorney's fees in light of *Fogerty II,* explaining that "the district court now has greater discretion to award attorney's fees to prevailing defendants." *Id.* at 1448. We rejected the plaintiff's contention that "remand is unnecessary because the district court also made findings that require the denial of attorney's fees under the criteria set forth in *Lieb,*" concluding that "[t]he district court clearly indicated that it might be inclined to award attorney's fees if a finding of bad faith or frivolousness were no longer required, and it invited [the defendants] to

---

**3.** *See* note 2, *supra.*

renew their motions should the law in this circuit change." *Id; see also Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir.1996) (award upheld even though district court found no frivolousness but weighed many relevant considerations and didn't commit clear error of judgment). In *Jackson v. Axton*, 25 F.3d 884 (9th Cir.1994), we affirmed a summary judgment for the defendant and remanded for reconsideration of the refusal to award fees under *Fogerty II*, explaining that under *Fogerty II*, courts deciding whether to grant attorney's fees to a prevailing party are to exercise "equitable discretion" in light of the considerations the Court identified, the degree of success obtained, the *Lieb* factors, and the purposes of the Copyright Act; and are to apply such factors in an evenhanded manner. *Id.* at 890. We have been careful to indicate that such factors are only "some" of the factors to consider, and that courts are not limited to considering them. *See Maljack Productions, Inc.*, 81 F.3d at 889; *Jackson*, 25 F.3d at 890. And in *Historical Research v. Cabral*, 80 F.3d 377 (9th Cir.1996), we concluded that, under *Fogerty II*, " 'exceptional circumstances' are not a prerequisite to an award of attorneys fees; district courts may freely award fees, as long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives." *Id.* at 378 (citations omitted); *see also Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir.1996) (reiterating importance of promoting the Copyright Act's objectives in considering attorney's fee awards).

■ We also have not previously been asked to decide whether the factors relied upon by a district court in awarding fees to a prevailing copyright defendant must be exactly capable of being applied to a prevailing plaintiff in order to satisfy the evenhanded rule. However, *Fogerty II* has already answered this question. Fantasy argues that the point of evenhandedness is to eliminate as the premise for any fee award any factor which cannot occur on both sides of the litigation equation. But we believe this asks more of "evenhandedness" than *Fogerty II* expects. Fantasy's argument is just another way of making two points rejected by the Supreme Court—that for a prevailing defen-

dant to qualify for fees the plaintiff must be blameworthy because whenever a plaintiff prevails the defendant, by definition, is blameworthy; and that to award fees when the plaintiff isn't blameworthy chills enforcement of the copyright laws. Of the latter the Court states:

> [T]he argument is flawed because it expresses a one-sided view of the purposes of the Copyright Act. While it is true that *one* of the goals of the Copyright Act is to discourage infringement, it is by no means the *only* goal of that Act. In the first place, it is by no means always the case that the plaintiff in an infringement action is the only holder of a copyright; often times, defendants hold copyrights too, as exemplified in the case at hand.
>
> More importantly, the policies served by the Copyright Act are more complex, more measured, than simply maximizing the number of meritorious suits for copyright infringement.

*Fogerty II*, 510 U.S. at 526, 114 S.Ct. at 1029 (internal citation omitted). And of the former, the Court says, speaking directly to this case:

> In the case before us, the successful defense of "The Old Man Down the Road" increased public exposure to a musical work that could, as a result, lead to further creative pieces. Thus a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright.

*Id.* at 527, 114 S.Ct. at 1030. We cannot, therefore, say that the district court erred by relying on factors identified by the Supreme Court which in this case led it to conclude that Fogerty's defense sufficiently furthered the purposes of the Copyright Act to warrant an award of attorney's fees.

Nor do we agree with Fantasy that the district court's award of fees imported the British Rule through the back door. The British Rule *requires* an award of attorney's fees to every prevailing party, regardless of the circumstances; nothing is left for the court to decide except how much. However,

*Fogerty II* makes clear that attorney's fees are within the courts' discretion. The district court recognized this point and, as it concluded, the reasoning upon which it relied does not lead to compulsory fee awards to prevailing copyright defendants: copyright claims do not always involve defendant authors, let alone defendant authors accused of plagiarizing themselves, and do not always implicate the ultimate interests of copyright; copyright defendants do not always reach the merits, prevailing instead on technical defenses; defenses may be slight or insubstantial relative to the costs of litigation; the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff; and each case will turn on its own particular facts and equities.

■ In sum, evenhandedness means that courts should begin their consideration of attorney's fees in a copyright action with an evenly balanced scale, without regard to whether the plaintiff or defendant prevails, and thereafter determine entitlement without weighting the scales in advance one way or the other. Courts may look to the nonexclusive *Lieb* factors as guides and may apply them so long as they are consistent with the purposes of the Copyright Act and are applied evenly to prevailing plaintiffs and defendants; a finding of bad faith, frivolous or vexatious conduct is no longer required; and awarding attorney's fees to a prevailing defendant is within the sound discretion of the district court informed by the policies of the Copyright Act.

■ Since the reasons given by the district court in this case are well-founded in the record and are in keeping with the purposes of the Copyright Act, the court acted within its discretion in awarding a reasonable attorney's fee to Fogerty.

## B

■ Fantasy alternatively contends that the district court impermissibly based its award on a factual finding or assumption prohibited by Rule 49(a) of the Federal Rules of Civil Procedure[4]—that the defense verdict was tantamount to a finding that similarities between "Run Through the Jungle" (Fogerty's earlier work which Fantasy now owns) and "Old Man Down the Road" were attributable to the uncopyrightable elements of the "Swamp Rock" genre and Fogerty's style of songwriting—because Fantasy had requested a special verdict which it says would have addressed this question had it not been turned down. For this proposition Fantasy relies on *McDaniel v. Anheuser–Busch, Inc.,* 987 F.2d 298 (5th Cir.1993), which holds that "by requesting the submission of a special issue, a party prevents an adverse Rule 49(a) '*deemed* finding' by the court." *Id.* at 306 (emphasis added).

We don't see how Rule 49(a) has anything to do with the district court's own observations in the exercise of its equitable discretion. Unlike the court in *McDaniel,* the court here declined to submit special verdicts, and Rule 49(a) isn't even implicated. Regardless, Fantasy's proffered explanation for a non-infringement verdict not based on the lack of substantial similarity—independent creation—still furthers the purposes of the Copyright Act and would in any event support the award of fees to Fogerty.

## C

■ Fantasy also argues that never before has a faultless copyright litigant been

---

4. Rule 49(a) provides in full:
   (a) **Special Verdicts.** The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. *If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives the right to a trial by jury of the issue so omitted unless before the jury retires the party demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict.*
   Fed.R.Civ.Proc. 49(a) (emphasis added).

ordered to pay the fees of an opponent. It says that the amount awarded is three times larger than any other award Fantasy has seen, and that if (contrary to its view) *Fogerty II* changed the standard this dramatically for awarding fees to prevailing defendants, it came years after Fantasy filed its case against Fogerty and is thus inequitable as applied to it.

If Fantasy intends by this argument to challenge the court's decision to award *any* attorney's fees that are not fault-based, we reject it for the reasons we have already explained. If, on the other hand, Fantasy seeks to attack only the *amount* of fees awarded, we also reject it but for different reasons. Because Fantasy does not identify any specific hours expended or hourly rates that are unreasonable, we have no basis for altering the amount awarded. Regardless, Fantasy's comparisons to fee awards in other cases are largely irrelevant, and certainly not determinative, inasmuch as the reasonableness of a particular fee award depends on a case-by-case analysis. Finally, that the standard for awarding fees changed after Fantasy filed its suit is a matter left to the district court's discretion and, as evidenced by *Fogerty II* and our post-*Fogerty II* remands, does not preclude an award of fees.

## IV

On cross-appeal, Fogerty argues that the district court erred by improperly concluding that it did not have authority to award interest on his fees. However, as we read its order, the court recognized that it *could* award interest, but after surveying reported decisions, concluded that it isn't the normal practice to do so. On that basis, the court chose not to award interest under the circumstances of this case. This is consistent with the court's discretion and we will not disturb it. *Cf. Burgess v. Premier Corp.,* 727 F.2d 826 (9th Cir.1984) (no abuse of discretion in awarding fees based on current rather than historical hourly rates).

## V

Fogerty requests attorney's fees for this appeal pursuant to 17 U.S.C. § 505 and FRAP 38. While we see no basis for awarding attorney's fees under FRAP 38, we conclude that fees are warranted under § 505 inasmuch as it served the purposes of the Copyright Act for Fogerty to defend an appeal so that the district court's fee award would not be taken away from him. We therefore award Fogerty the attorney's fees he incurred in defending this appeal and we remand to the district court for calculation of the amount.

AFFIRMED AND REMANDED.