129 F.3d 127
 1998 Copr.L.Dec. P 27,725
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STAR PATROL ENTERPRISES, INC., Plaintiff-Appellant,
v.
SABAN ENTERTAINMENT, INC., Saban International Services,
Inc.; Haim Saban; Fox Broadcasting Company, Fox Television
Children's Programming Division; Stephanie Graziano; Jim
Graziano, and Graz Entertainment, Inc., Defendants-Appellees.
 No. 95-56534.
 United States Court of Appeals, Ninth Circuit.
 Oct. 23, 1997.
 
 Appeal from the United States District Court for the Central District of California Manuel L. REal, District Judge, Presiding.
 Before O'SCANNLAIN, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal concerns the development of the Mighty Morphin Power Rangers television series and distribution of related products. Star Patrol Enterprises, Inc. ("Star Patrol") appeals the dismissal of its state common law claims for breach of contract and breach of confidence against Defendants Fox and Graz, and the denial of leave to amend to add a claim for inducing breach of contract against Defendant Saban. Additionally, Star Patrol asserts that the district court erred by failing to reconsider its order dismissing Star Patrol's complaint with prejudice, and by sanctioning Star Patrol for bringing the motion to reconsider. Finally, Star Patrol claims that the district court erred in awarding attorneys' fees and costs to the defendants pursuant to the Copyright Act. Star Patrol does not appeal the dismissal of its copyright claims. Because the parties are well familiar with the factual and procedural history of this action, we need not recount it here.
 
 
 3
 * We review dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) de novo. Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995). Rule 12(b)(6) does not establish a high threshold for pleadings, and Star Patrol meets it in this case. Although there may be more than one interpretation of Star Patrol's pleadings, Star Patrol's "allegations must be liberally construed and taken as true, and all inferences must be drawn in favor of the plaintiff." Jacobsen v. Hughes Aircraft, 105 F.3d 1288, 1302 (9th Cir.1997). Drawing all inferences in favor of Star Patrol, we hold the district court erred in determining that Star Patrol's pleading failed to state a claim for breach of contract and breach of confidence.
 
 
 4
 In order to establish an implied-in-fact contract in the entertainment context, a plaintiff must allege:
 
 
 5
 that he or she prepared the work; that he or she disclosed the work to an offeree for sale; that under all circumstances attending disclosure it can be concluded that the offeree voluntarily accepted the disclosure knowing the conditions on which it was tendered (i.e. the offeree must have the opportunity to reject the attempted disclosure if the conditions were unacceptable); and the reasonable value of the work.
 
 
 6
 Klekas v. EMI Films, Inc., 198 Cal.Rptr. 296, 304 (Cal.Ct.App.1984).
 
 
 7
 Star Patrol's First Amended Complaint alleged that Simmons created Star Patrol, and that:
 
 
 8
 [p]ursuant to industry custom and usage, plaintiff made its submissions to defendants under terms and conditions which obligated defendants (i) to hold the submitted material in confidence and (ii) not to make use of any of plaintiff's submitted material--without first reaching an agreement with plaintiff for any use or release of the material by defendants.
 
 
 9
 These allegations sufficiently allege a cause of action for breach of implied-in-fact contract to survive a Rule 12(b)(6) motion to dismiss. Liberally construed, this pleading essentially recites the cause of action for an implied-in-fact entertainment contract. Although Pox argues that an implied-in-fact contract cannot be formed through "industry custom and usage," the cause of action only requires that "under all circumstances attending disclosure it can be concluded that the offeree voluntarily accepted the disclosure knowing the conditions on which it was tendered." Klekas, 198 Cal.Rptr. at 304. Proper and competent proof of an industry custom and usage which created an obligation on the part of the defendants might form part of the required "circumstances attending disclosure." While one may question if Star Patrol can prove such an industry custom, the allegation is sufficient to survive a Rule 12(b)(6) motion to dismiss.
 
 
 10
 Fox argues that the reference to development of a joint venture is fatal to Star Patrol's claim because a joint venture is not a sale, as required by Klekas. This may prove to be a valid argument after the facts are fully developed in discovery. We are not unmindful that a hope of establishing a business relationship alone is insufficient to create a cause of action. See, e.g., Aliotti v. R. Dakin & Co, 831 F.2d 898 (9th Cir.1987); Farris v. Enberg, 97 Cal.App.3d 309 (1979). However, Aliotti and Farris were decided on summary judgment. Here, we do not have the benefit of full discovery. The district court's dismissal of Star Patrol's breach of contract claim "cannot be upheld unless it appears to a certainty that [Star Patrol] would be entitled to no relief under any state of facts that could be proved." Halet v. Wend Investments Co., 672 F.2d 1305, 1309 (9th Cir.1982). The structure of a joint venture may take many forms, including the sale of property to the venture. Indeed, for tax purposes, California treats contribution of property to a joint venture as a sale. Industrial Asphalt, Inc. v. State Board of Equalization, 7 Cal.Rptr.2d 444, 445 (Cal.Ct.App.1992). Therefore, by construction of the pleadings alone, we cannot conclude a joint venture would not be accomplished by means of a sale, and thus the district court erred in dismissing Star Patrol's breach of contract claim.
 
 
 11
 Star Patrol's First Amended Complaint also properly stated a claim for breach of confidence. Star Patrol pled a cause of action for breach of confidence but inadvertently labeled it as a breach of confidential relationship and fiduciary duty. An action for breach of confidential relationship would necessarily fail because the arms-length business relationship between Star Patrol and the defendants is insufficient to impose fiduciary-like duties that arise from a confidential relationship.
 
 
 12
 However, to establish a breach of confidence claim, the plaintiff must only allege that an idea was offered and received in confidence, and later disclosed without permission. Davies v. Krasna, 535 P.2d 1161, 1166 (Cal.1975). Star Patrol's complaint alleged that it "made its submissions to defendants under terms and conditions which obligated the defendants (i) to hold the submitted material in confidence ..." and the pleading obviously implies that the defendants disclosed Star Patrol's ideas without permission. The pleading clearly satisfies the elements of a breach of confidence claim. The label that a plaintiff places on the pleadings does not determine the nature of the cause of action. Rains v. Criterion Systems, Inc., 80 F.3d 339, 343 n. 2 (9th Cir.1996).
 
 
 13
 The fact that Star Patrol had previously distributed material to schools and obtained copyright protection on a portion of the materials does not necessarily defeat Star Patrol's confidence claim. Star Patrol specifically argues that "the ideas that form the basis of [Star Patrol]'s claim for breach of confidence pertain to the concept of a Star Patrol television series, and not to the use or exploitation of the Star Patrol written materials." Thus, the pleadings allege that the confidential information the defendants used (i.e., the idea for television production) had not been publicly disclosed. Because Star Patrol successfully alleged the elements of breach of confidence, and its claim is not necessarily precluded by public disclosure or lack of standing, the district court erred in dismissing Star Patrol's breach of confidence claim pursuant to Fed.R.Civ.P. 12(b)(6).
 
 II
 
 14
 We review a denial of leave to amend for an abuse of discretion. Reddy v. Litton, 912 F.2d 291, 296 (9th Cir.1990). Although leave to amend is to be liberally granted, "[i]t is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile." Id. The district court believed that any amendment adding a claim against Saban for inducing breach of contract would be futile because (1) the claims, which were originally held by Star Patrol's sole shareholder, could not be assigned to Star Patrol, and (2) the claims were preempted by federal copyright law.
 
 
 15
 The claims at issue were properly assigned to Star Patrol. While it is generally true that actions for breach of an implied-in-fact contract and breach of confidence cannot be assigned because those relationships are of a personal nature, Rokos v. Peck, 227 Cal.Rptr. 480, 488-90 (Cal.Ct.App.1986), assignments of a merely technical nature are not considered to breach the rule stating that contracts involving a personal relationship may not be assigned. Haldor v. Beebe, 164 P.2d 568, 572 (Cal.Ct.App.1946). Thus, where there is merely an assignment between a solely owned corporation and the individual who controls the corporation, the solely owned corporation has standing to bring causes of action resting upon relationships of a personal nature. Id. Thus, the district court erred in concluding that Star Patrol would be precluded from instigating the instant action.
 
 
 16
 The district court also erred in determining that amendment would be futile because of copyright preemption. "Section 301 of the Copyright Act establishes a two-part test for preemption." Del Madera Properties v. Rhodes, 820 F.2d 973, 976 (9th Cir.1987). First, before a state claim is preempted, the material at issue must fall "within the 'subject matter of copyright' as defined in Sections 102 and 103 of the Copyright Act." Id. Second, the rights granted by the state claim must be " 'equivalent to any of the exclusive rights within the general scope of copyright as specified by Section 106 [of the Copyright Act].' " Id. (quoting Harper & Row v. Nation Enterprises, 501 F.Supp. 848, 850 (S.D.N.Y.1980), aff'd, 723 F.2d 195 (2d Cir.1983), rev'd on other grounds, 471 U.S. 539 (1985)). Generally speaking, the rights created by a claim for inducing breach of contract are not equivalent to rights granted under the Copyright Act. Rights created by contract do not create exclusive rights and thus a claim for inducing breach of contract is normally not equivalent to the rights within the scope of the Copyright Act. However, this circuit has not definitively ruled on this issue in the context presented by this appeal.
 
 
 17
 In this case, Defendant Saban contends that the ideas underlying the television development of Star Patrol are inextricably intertwined with the tangible Star Patrol work submitted to the defendants. Therefore, it argues that the creation of a Star Patrol television series falls within the subject matter of copyright. Conversely, Star Patrol claims that its ideas, rather than copyrightable material, are at the heart of its state common law claims. The facts underlying these contentions were vigorously debated at oral argument, and we decline to engage in a largely fact-driven preemption analysis on the appeal of a Rule 12(b)(6) dismissal. Discovery is required before a meaningful examination of preemption issues can occur. Because we are limited by the pleadings and constrained to liberally construe them in Star Patrol's favor, we cannot conclude that Star Patrol could not state a state claim outside the purview of federal copyright preemption. Current circuit law does not clearly preclude the action, and we decline the invitation to define the contours of copyright preemption absent a fully developed record. The district court erred in peremptorily concluding that an amendment would be futile because of the possibility of preemption.
 
 
 18
 In determining whether to deny a motion for leave to amend, "the court may consider 'the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment.' " Reddy, 912 F.2d at 296 (quoting Moore v. Kayport Package Exp., 885 F.2d 531, 538 (9th Cir.1989)). Given Star Patrol's abandonment of its federal copyright claims, an amendment was necessary. Star Patrol's only prior amendment was made when the case was transferred from New York to California. There is no evidence of undue delay, bad faith, dilatory motive, or futility, and there was no prejudice to the defendants.
 
 
 19
 Denial of leave to amend, where a viable claim could be stated, constitutes a reversible abuse of discretion. See United Union of Roofers v. Insurance Corp. of America, 919 F.2d 1398, 1402 (9th Cir.1990). Because Star Patrol can state a viable claim for breach of implied-in-fact contract, breach of confidence, and inducing breach of contract, the district court abused its discretion in denying Star Patrol's request for leave to amend.
 
 III
 
 20
 Faced with an order dismissing its complaint and denying its motion for leave to amend, Star Patrol filed a motion for reconsideration and attached yet another proposed amended complaint. The district court correctly concluded that this motion did not satisfy the requirements for a reconsideration motion. However, because we are reversing the district court's initial orders, this question is now moot. Therefore, because Star Patrol's motion for reconsideration was directed at an erroneous district court order, we reverse the sanction awards of $3,135 to Fox and $5,500 to Saban. See Great Hawaiian Financial Corp. v. AIU, 863 F.2d 617, 622 (9th Cir.1988).
 
 IV
 
 21
 In its order dismissing Star Patrol's first amended complaint, the district court also identified the defendants as the prevailing parties and awarded $74,237.20 to Saban and $3,261 to Graz for their attorneys' fees and costs pursuant to the Copyright Act, 17 U.S.C. § 505.
 
 
 22
 We review an award of attorneys' fees made pursuant to the Copyright Act for an abuse of discretion. Fantasy v. Fogerty, 94 F.3d 553, 556 (9th Cir.1996). A prevailing party is not automatically entitled to receive fees in an action containing a Copyright claim. Fogerty v. Fantasy, 510 U.S. 517 (1994). Rather, a district court should exercise its equitable discretion in light of the considerations set forth by the Supreme Court. Fantasy, 94 F.3d at 557-58. Those considerations include:
 
 
 23
 the Copyright Act's primary objective, 'to encourage the production of original literary, artistic, and musical expression for the good of the public;' the fact that defendants as well as plaintiffs may hold copyrights, and 'run the gamut from corporate behemoths to starving artists;' the need to encourage 'defendants who seek to advance a variety of meritorious copyright defenses ... to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement and the fact that 'a successful defense of a copyright action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright.'
 
 
 24
 Fantasy, 94 F.3d at 557-58 (quoting Fogerty, 510 U.S. at 524-27).
 
 
 25
 Because it appears that the district court awarded attorneys' fees to the prevailing parties without considering the objectives of the Copyright Act, we vacate the judgment and remand with the instruction that the district court make findings relating to the considerations set forth by this Court in Fantasy, 94 F.3d at 557-58.
 
 
 26
 DefendanL Saban's request for its reasonable attorneys' fees for this appeal pursuant to 17 U.S.C. § 505 is denied because Star Patrol did not appeal any of its federal copyright claims and the dismissal of the state claims has been reversed.
 
 Conclusion
 
 27
 We reverse the dismissal of Star Patrol's First Amended Complaint because the complaint stated claims for breach of contract and breach of confidence. We reverse the district court's denial of leave to amend. The appeal of the district court's denial of Star Patrol's motion for reconsideration is dismissed as moot, given reversal of the motion upon which reconsideration was sought. We reverse the sanction awards. We vacate the attorneys' fee award made pursuant to the Copyright Act and remand for further findings.
 
 
 28
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3