Robert HENDRICKSON, Plaintiff—Appellant,

v.

AMAZON.COM, INC.; et al., Defendants—Appellees.

Nos. 04–57198, 05–55561.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 22, 2006.

Robert Hendrickson, Woodland Hills, CA, for Plaintiff–Appellant.

Terry Anastassiou, Allan E. Anderson, Esq., Ropers, Majeski, Kohn & Bentley, C. Dennis Loomis, Esq., Lord Bissell & Brook, S. Martin Keleti, Enq., Cohen & Luckenbacher, Los Angeles, CA, Barry J. Reagan, Esq., Beach, Procter & McCarthy, Ventura, CA, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Robert Hendrickson appeals pro se from

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

the district court's orders granting attorney's fees to defendants CDDVDGAME-TRADER ("Trader") and Kevin Naser in his copyright action. We have jurisdiction under 28 U.S.C. § 1291. We review an award of attorney's fees for abuse of discretion, *Fantasy, Inc. v. Fogerty,* 94 F.3d 553, 556 (9th Cir.1996), and we vacate and remand.

The district court did not provide a "concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Defendants Trader and Naser prevailed, but it is not evident that their role in the litigation "further[ed] the underlying purposes of the Copyright Act." *Fantasy,* 94 F.3d at 555. Neither Trader nor Naser raised the winning defense that the assignment of the original copyright was not renewable by Hendrickson. *See id.* at 557–58; *see also Cabrales v. County of Los Angeles,* 935 F.2d 1050, 1052 (9th Cir.1991) (compensation for attorney's fees is reasonable "for services that contribute to the ultimate victory in the lawsuit"). We are not persuaded that Hendrickson's action was frivolous or objectively unreasonable, or that he or others will be deterred from baseless litigation by the award of attorney's fees in the unusual circumstances of this case. *See Fantasy,* 94 F.3d. at 558. We therefore vacate the attorney's fees awards in favor of Trader and Naser.

On remand the district court should ascertain whether Trader and Naser furthered the purposes of the Copyright Act during the course of this litigation and whether their innocent infringer defenses contributed to the ultimate success achieved by defendant Amazon.com. As to Trader, the district court should also consider awarding reasonable attorney's fees

courts of this circuit except as provided by 9th Cir. R. 36–3.

on the ground that Hendrickson allowed Trader's offer of judgment to lapse and subsequently recovered nothing. *See* Fed. R.Civ.P. 68; *see also Marek v. Chesny,* 473 U.S. 1, 7–9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

On November 18, 2005, this court ruled that the scope of these appeals is limited to review of the district court's order entered on November 18, 2004, so we do not consider Hendrickson's contentions concerning the underlying grant of summary judgment in favor of defendants.

The parties shall bear their own costs on appeal.

No. 04–57198 **VACATED and RE-MANDED.**

No. 05–55561 **VACATED and RE-MANDED.**