**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AHAB JOSEPH NAFAL,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>SHAWN CARTER; et al.,<br><br>   Defendants - Appellees,<br><br>EMI MUSIC PUBLISHING LTD.,<br><br>   Defendant - Appellee,<br><br> and<br><br>EMI MUSIC INC.,<br><br>   Defendant. | No. 07-56488<br><br>D.C. No. CV-05-02480-SVW<br><br><br>MEMORANDUM[*] |
| AHAB JOSEPH NAFAL, an individual,<br><br>   Plaintiff - Appellee,<br><br> v.<br><br>SHAWN CARTER, p/k/a JAY-Z; et al., | No. 08-55540<br><br>D.C. No. 2:05-cv-02480-SVW-PJW |

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants,

and

ROB BOURDON; et al.,

Defendants - Appellants.

|  |  |
|---|---|
| AHAB JOSEPH NAFAL, an individual, | No. 08-55543 |
| Plaintiff - Appellee, | D.C. No. 2:05-cv-02480-SVW-PJW |
| v. |  |
| SHAWN CARTER, p/k/a JAY-Z; et al., |  |
| Defendants - Appellants, |  |
| and |  |
| EMI BLACKWOOD MUSIC, INC.; et al., |  |
| Defendants. |  |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted July 15, 2010
Pasadena, California

Before: FARRIS and SILVERMAN, Circuit Judges, and CAMP, Senior District Judge.[**]

This case involves Plaintiff Ahab Joseph Nafal's appeal from the district court's summary judgment ruling in favor of Defendants dismissing his copyright infringement claim for lack of standing, as well as a cross appeal by some of the Defendants from the district court's denial of their motion for statutory fees and costs under 17 U.S.C. § 505. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

First, assuming without deciding that the Copyright Act of 1976 governs standing in this case, and for the ample reasons articulated in the district court's opinion, *see Nafal v. Carter*, 540 F. Supp. 2d 1128, 1139–44 (C.D. Cal. 2007), the assignment documents at issue here did not actually grant Plaintiff an ownership interest in an exclusive copyright license. Rather, the documents were a disguised assignment of a cause of action prohibited under *Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 884–89 (9th Cir. 2005) (en banc). Plaintiff appropriately concedes that he would lack standing to sue if he were not the co-owner of the exclusive license. *See id.* at 886. Consequently, the district court properly granted summary judgment to Defendants.

---

[**] The Honorable Jack J. Camp, Senior United States District Judge for the Northern District of Georgia, sitting by designation.

Second, the district court did not abuse its discretion in denying the § 505 motion for attorneys' fees and costs. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 556 (9th Cir. 1996) (quoting *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 900 (9th Cir. 1995)); *see also The Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 833 n.4 (9th Cir. 2003) ("In exercising this discretion, district courts are given 'wide latitude.'" (citation omitted)). Although Defendants succeeded in dismissing the case, the district court did not clearly err in finding that the case presented complex legal and factual issues; that Plaintiff had sufficient factual and legal bases for his standing claim; that Plaintiff did not bring the instant lawsuit in bad faith; or that the case did not ultimately further the goals of the Copyright Act or significantly clarify the law.

**AFFIRMED .**[***]

---

[***]The Defendants' unopposed motions for judicial notice are granted.