FILED

**NOT FOR PUBLICATION**

JUL 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAMELLA LAWRENCE, | No. 11-56463 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-04737-SVW-E |
| v. | MEMORANDUM[*] |
| SONY PICTURES ENTERTAINMENT, INC., a Delaware corporation; COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; TRISTAR PICTURES, INC., a Delaware corporation; SIDNEY KIMMEL ENTERTAINMENT, LLC, a California limited liability company; SKE CREATIVE, LLC, a California limited liability company; TARGET MEDIA ENTERTAINMENT, GMBH; JIM TAUBER, an individual; SIDNEY KIMMEL, an individual; AMY BAER, an individual; BRUCE TOLLER, an individual; GARETH WIGAM, an individual; WILLIAM HORBERG, an individual; DIANA PHILLIPS, an individual; WONDERFUL FILMS CORP., a California corporation; LAWRENCE MALKIN, an individual; DEAN CRAIG, an individual; GLENN S. GAINOR, an individual; PHILIP ELWAY, an individual; ANDREAS | |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

GROSCH, an individual; SHARE STALLINGS, an individual; BRUCE TOLL, an indivdual; FRANK OZ, an individual; CHRIS ROCK; CHRIS ROCK ENTERPRISES, INC., a Delaware corporation; BEHAVE PRODUCTIONS, INC., a California corporation; NEIL LABUTE, an individual; AYESHA CARR, an individual; SCREEN GEMS, INC., a Delaware corporation; SCREEN GEMS DISTRIBUTION, INC., a Delaware corporation; PARABOLIC PICTURES, INC., a California corporation; STABLE WAY ENTERTAINMENT, INC., a California corporation,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 8, 2013[**]
Pasadena, California

Before: BENAVIDES,[***] BYBEE, and NGUYEN, Circuit Judges.

Pamella Lawrence appeals the district court's grant of summary judgment

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

for Defendants and the district court's grant of Defendants' motion for attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lawrence argues that the district court erred in granting summary judgment for Defendants on her copyright infringement claims.[1] With regard to Lawrence's claim that the *Death at a Funeral* films infringed her copyright to "Caught on Video" ("the Video"), Lawrence has failed to raise a genuine issue of material fact that she owned a valid copyright to the Video. *See CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999). The copyright to the Video initially vested in Orlando Usher, the author of the Video, 17 U.S.C. § 201(a); *see also S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989), and was not validly transferred to Lawrence because any transfer of rights was not done in writing, 17 U.S.C. § 204(a); *see also Konigsberg Int'l Inc. v. Rice*, 16 F.3d 355, 357–58 (9th Cir. 1994). Although Lawrence has since obtained a copyright registration for the

---

[1] We deem Lawrence's supplemental brief, which was filed January 29, 2013, filed.

Lawrence argues in her reply brief and supplemental brief that Defendants engaged in fraud upon the district court by substituting an attorney, which delayed trial. She also argues in her supplemental brief that we should impose sanctions on Defendants because they filed an allegedly fraudulent motion opposing Lawrence's notice for new appointment of counsel before this court. Since Lawrence's arguments are largely unsupported by citation to law or fact, we decline to consider them. *See* Fed. R. App. P. 28(a)(9)(A); *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012).

Video, it was not "made before or within five years after first publication of the work." 17 U.S.C. § 410; *see Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003).

With regard to Lawrence's claim that the *Death at a Funeral* films infringed her copyright to her book, *Caught on Video . . . the Most Embarrassing Moment de Funeral July 11, 1994* ("the Book"), Lawrence has failed to raise a genuine issue of material fact as to whether there was a reasonable possibility that Defendants had access to the Book. *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). Lawrence's claims that Defendants had access to the Book are speculative, *see id.*, and Defendants presented uncontroverted evidence showing that they did not have access to the Book or the Video while creating the *Death at a Funeral* films.

In any event, Lawrence has also failed to raise a genuine issue as to whether the *Death at a Funeral* films are substantially similar to either the Video or the Book. *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996). Under the extrinsic test for determining substantial similarity, all of the similar elements that Lawrence has alleged are unprotectable because they are historical facts, scenes-a-faire, or ideas. *See Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624–25 (9th Cir. 2010); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340,

4

348–49 (1991). Even if the allegedly similar elements were protectable, there are few, if any, "articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events" in the Book and the Video, and the *Death at a Funeral* movies. *Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994) (internal quotation marks omitted). Although a person is naked at a funeral in the *Death at a Funeral* films and in the Book and the Video, this is unremarkable since the reason why the person was naked differed substantially. Thus, the district court did not err in granting summary judgment for Defendants on Lawrence's copyright claims.[2] No reasonable jury could find that the works are substantially similar. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).

In addition, Lawrence challenges the district court's award of attorneys' fees to Defendants. Since Lawrence has failed to show that the district court's fee award was based on an inaccurate view of the law or a clearly erroneous finding of fact, we hold that the district court did not abuse its discretion in making the fee award. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 556 (9th Cir. 1996). The district court

---

[2] Since Lawrence has failed to raise a material issue of fact with regard to direct copyright infringement of either the Video or the Book, she necessarily fails to establish contributory or vicarious copyright infringement. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019–22 (9th Cir. 2001).

articulated a reasoned explanation for awarding fees, *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1155 (9th Cir. 2012), based on the factors set forth in *Fantasy, Inc. v. Fogerty*, 94 F.3d at 557–58, which it found weighed against Lawrence. With regard to the amount of the fee award, the district court applied the lodestar method and concluded that both the number of hours and the hourly rates that Defendants submitted to the court were reasonable based on the factors set forth in *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006–07 & n.7 (9th Cir. 2002). The district court also properly relied, in part, on its own knowledge and experience to determine that the fees were consistent with the prevailing market wage. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). In sum, the district court "articulate[d] with sufficient clarity the manner in which it ma[de] its determination of a reasonable hourly rate and the number of hours which should reasonably be compensated." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986), *amended by*, 808 F.2d 1373 (9th Cir. 1987).

AFFIRMED.