FILED

**NOT FOR PUBLICATION**

JAN 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| In the Matter of: BASHAS' INC., | No. 13-16414 |
| Debtor, | D.C. No. 2:12-cv-01497-FJM |
| ROBERT KUBICEK ARCHITECTS & ASSOCIATES, INCORPORATED, | MEMORANDUM* |
| Plaintiff - Appellant, | |
| v. | |
| BASHAS' INCORPORATED, | |
| Defendant - Appellee. | |

| | |
|---|---|
| In the Matter of: BASHAS' INC., | No. 13-17061 |
| Debtor, | D.C. No. 2:12-cv-01497-FJM |
| ROBERT KUBICEK ARCHITECTS & ASSOCIATES, INCORPORATED, | |
| Plaintiff - Appellant, | |
| v. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**BASHAS' INCORPORATED,**

Defendant - Appellee.

Appeals from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Submitted December 9, 2015[**]
San Francisco, California

Before: **KOZINSKI**, **BYBEE** and **CHRISTEN**, Circuit Judges.

**1.** The district court didn't err in dismissing Robert Kubicek Architects & Associates, Inc.'s ("RKAA") copyright infringement claims. Given the jury verdict in favor of The Bosley Group, Inc. ("TBG"), the issues presented in RKAA's claims against Bashas' for contributory infringement and vicarious liability are precluded. See Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988). Further, the district court in the Bosley case found that RKAA had failed to present any "evidence of direct infringement by Bashas'," and thus granted summary judgment to TBG on RKAA's contributory infringement claim against TBG. RKAA didn't challenge this ruling, therefore the issue of direct

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

infringement by Bashas' is also precluded. Id. at 322. Because all of RKAA's claims under the Copyright Act fail, its request for injunctive relief under 17 U.S.C. §§ 502 & 503 also fails.

The issues raised by RKAA's state-law unjust enrichment and conversion claims, however, aren't precluded. The bankruptcy court discharged all pre-petition unjust enrichment claims because they were claims seeking a "right to payment." 11 U.S.C. § 101(5). Thus, the district court correctly dismissed the unjust enrichment claim because there are "no allegations that would support a claim for post-petition infringement." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). But RKAA's conversion claim is not a "claim" under Chapter 11 because it doesn't seek a "right to payment" or an "equitable remedy" giving "rise to a right to payment." 11 U.S.C. § 101(5). Therefore, the bankruptcy court couldn't have discharged this claim under 11 U.S.C. § 1141(d). We thus reverse the district court's dismissal of the conversion claim and remand for further proceedings. On remand, the district court shall determine whether to exercise supplemental jurisdiction over this state-law claim. 28 U.S.C. § 1367(c).

**2.** The district court didn't abuse its discretion in denying RKAA's motion to reconsider its ruling on the Copyright Act and unjust enrichment claims. The

dismissal was neither clearly erroneous nor manifestly unjust, and RKAA didn't present "newly discovered evidence." Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013). The evidence RKAA did present wasn't "new" because it could have been discovered with "reasonable diligence." Fed. R. Civ. P. 60(b)(2).

3. The district court's award of attorneys' fees wasn't "based on an inaccurate view" of the Lieb factors. Fantasy, Inc. v. Fogerty, 94 F.3d 553, 556 (9th Cir. 1996). The Lieb factors "are not exclusive and need not all be met." Id. at 558. Further, the district court's finding of objective unreasonableness wasn't clearly erroneous. Therefore, the court didn't abuse its discretion in granting attorneys' fees. See id. at 556.

4. We award Bashas' the attorneys' fees it incurred in defending this appeal. "[F]ees are warranted under § 505 inasmuch as it served the purposes of the Copyright Act for [Bashas'] to defend an appeal so that the district court's fee award would not be taken away from [it]." Id. at 561. We refer the determination of an appropriate amount of attorneys' fees and costs to the Appellate Commissioner, who shall have authority to enter an order awarding fees to Appellee.

**AFFIRMED** in part, **REVERSED** in part and **REMANDED**. Costs to Bashas'.