UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ABC, INCORPORATED,
  *Plaintiff-Appellee,*

v.

PRIMETIME 24, Joint Venture,
  *Defendant-Appellant.*

No. 99-2314

ABC, INCORPORATED,
  *Plaintiff-Appellee,*

v.

PRIMETIME 24, Joint Venture,
  *Defendant-Appellant.*

No. 00-1189

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CA-97-90-1)

Argued: September 28, 2000

Decided: November 3, 2000

Before WILKINSON, Chief Judge, and WIDENER and
MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Andrew Zane Schwartz, FOLEY, HOAG & ELIOT, L.L.P., Boston, Massachusetts, for Appellant. Wade H. Hargrove, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Raleigh, North Carolina, for Appellee. **ON BRIEF:** Richard W. Benka, FOLEY, HOAG & ELIOT, L.L.P., Boston, Massachusetts; W. Andrew Copenhaver, WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Winston-Salem, North Carolina, for Appellant. Reid L. Phillips, Jennifer K. Van Zant, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In 1997, ABC sued PrimeTime 24 for infringement of ABC's copyrighted broadcasts. The district court held that PrimeTime's actions violated 17 U.S.C. § 119, the Satellite Home Viewer Act (SHVA). *See ABC, Inc. v. PrimeTime 24*, 17 F. Supp.2d 467 (M.D.N.C. 1998). This court affirmed the decision, holding that PrimeTime had "engage[d] in a willful or repeated pattern or practice" of violating the SHVA and had acted in "gross disregard" of the statute. *ABC, Inc. v. PrimeTime 24*, 184 F.3d 348, 353-54 (4th Cir. 1999). ABC then sought and received an award of attorney's fees and costs totaling $670,521.18. *See ABC, Inc. v. PrimeTime 24*, 67 F. Supp.2d 558 (M.D.N.C. 1999). PrimeTime appeals.

The SHVA gives the district court discretion to award costs and fees. *See* 17 U.S.C. § 505 (1996). An award of fees is improper, however, if it is explicitly prohibited by another part of the Act. *See id.* For example, 17 U.S.C. § 412 (1996) explicitly prohibits an award of fees for:

(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or

(2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

Thus, § 412(1) prohibits an award of fees if the infringed upon work was neither registered nor published when infringement began. PrimeTime believes that § 412(1) applies here. PrimeTime now concedes that its infringement occurred simultaneously with ABC's broadcast. PrimeTime claims, however, that at the time of broadcast/infringement ABC's works were both unpublished and unregistered. According to PrimeTime, this means that § 412(1) applies and that ABC cannot recover its costs and fees.

The district court disagreed. First, the district court noted that ABC's registration certificates listed the date of publication as being the date of broadcast. Under 17 U.S.C. § 410(c), "[i]n any judicial proceedings[,] the certificate of registration . . . shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." Thus, the district court began with the mandated presumption that ABC's broadcasts were in fact published on the date of broadcast.

In support of this presumption, the district court found that ABC offered to distribute copies of the broadcasts in the hours before the programs were actually aired. Under 17 U.S.C. § 101, "offering to distribute copies . . . for purposes of further distribution . . . constitutes publication." The district court found that ABC's offer to distribute copies constituted publication. Moreover, the district court held that since these offers occurred during business hours on the date of broadcast, thus preceding the actual broadcast/infringement, § 412(1) did not apply.

Finally, the district court held that an award of costs and fees was justified given PrimeTime's infringement of the theatrical films aired by ABC. According to ABC, the materials infringed upon by PrimeTime included 85 movies originally released in theaters. These 85

movies were both published and registered well before being rebroadcast by ABC and infringed upon by PrimeTime. Infringement of the films, therefore, would independently support an award of costs and fees. PrimeTime claimed that infringement of the 85 films was not specifically proven in the liability phase of the trial. The district court disagreed, concluding that the original dispute encompassed all of ABC's programming, including the 85 theatrical films.

Having established that § 412(1) does not apply because ABC published its works before infringement began, the only remaining issue is the applicability of § 412(2). Under § 412(2), infringement of published works cannot support a fee award if the works were neither registered at the time of infringement nor registered within three months of publication. The district court found, and PrimeTime does not dispute, that ABC uniformly registered the infringed upon works within three months of publication. Thus, § 412(2) does not bar the award of costs and fees.

We have reviewed the opinion of the district court and have heard oral arguments by the parties. Finding no error in the judgment or reasoning of the district court, we affirm on the basis of its careful opinion.

*AFFIRMED*